Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The North Carolina Industrial Commission has jurisdiction over the subject matter of this case and the parties are properly before the Industrial Commission.
2. Trooper D.C. Garris was an employee of the defendant on the 21 January 1995.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. Plaintiff is a male shipyard worker who has a job in Portsmouth, Virginia and lived in Hertford, Perquimans County, North Carolina.
2. On the evening of 21 January 1995, plaintiff was driving in Perquimans County, one mile south of Hertford with one headlight out. He was stopped by Trooper D.C. Garris.
3. While Trooper Garris was speaking with plaintiff about giving him a warning due to the fact that one headlight was out, Trooper Kevin Morgan drove up in his car. Trooper Morgan had stopped plaintiff earlier in the day, noticing that he had no seatbelt strap over his chest and that the two belts in the vehicle were simply hanging loose. Although plaintiff presented a license with an expiration date of 12 September 1996, Trooper Morgan checked plaintiff's driver's license through the communications center in Williamston. After being informed by the communications center that plaintiff's license had been cancelled, Trooper Morgan issued him a traffic citation for no operator's license and improper use of seat belts. Trooper Morgan advised plaintiff that he could no longer drive the car since his driver's license was not valid.
4. Trooper Garris also contacted the Williamston communications center and was informed that plaintiff's license expired 4 November 1993. Trooper Garris issued plaintiff a warning ticket for the burned out headlight. Because plaintiff had been stopped earlier that same day by Trooper Morgan and continued to drive after being told not to drive, Trooper Garris placed plaintiff under arrest and transported him to the magistrate's office in Hertford.
5. When plaintiff was told he was going to be arrested, he became irate and argumentative. He was then handcuffed and taken to the magistrate's office. Plaintiff had to post a $500 bond but was released on his own recognizance.
6. The information given by the DMV computer through the communications center was incorrect, because plaintiff had a valid driver's license. The validity of his license was later confirmed by letter to plaintiff by the Department of Motor Vehicles.
7. Plaintiff received a voluntary dismissal in traffic court because his license was valid.
8. Plaintiff was humiliated by being handcuffed and booked when there was no moving violation and a computer mistake had been made about the validity of his license. Plaintiff also missed two days of work to attend traffic court.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Trooper Garris' was given erroneous information regarding the status of plaintiff's license by DMV computers through the Williamston communications center. However, there is no evidence that Trooper Garris was negligent in any way. The humiliation plaintiff suffered was regrettable but did not occur as the result of any negligence or breach of duty. Trooper Garris' actions were not the proximate cause of any damage to plaintiff.
2. Trooper Garris' conduct in handcuffing plaintiff in order to restrain him did not constitute negligence. Trooper Garris was acting within the scope of his employment and doing his duty to preserve the peace by restraining plaintiff.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for compensation pursuant to the North Carolina Tort Claims Act must be and the same is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of February 1999.
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ J. HOWARD BUNN JR. CHAIRMAN
LKM/bjp